AO 245B (Rev 06/05) Sheet 1 - Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

vs.

ISAAC KELVIN ALLEN

**JUDGMENT IN A CRIMINAL CASE**

CASE NUMBER: 8:07-CR-212-T-27MSS
USM NUMBER: 49476-018

Defendant's Attorney: Lori Palmieri

THE DEFENDANT:

_X_ pleaded guilty to count(s) One, Two, Three, and Four of the Indictment.
__ pleaded nolo contendere to count(s) which was accepted by the court.
__ was found guilty on count(s) after a plea of not guilty.

| TITLE & SECTION | NATURE OF OFFENSE | OFFENSE ENDED | COUNT |
|---|---|---|---|
| 18 U.S.C. § 1014 | Making False Statements | February 20, 2007 | One |
| 18 U.S.C. § 1014 | Making False Statements | February 20, 2007 | Two |
| 18 U.S.C. §1028A(a)(1) | Aggravated Identity Theft | February 20, 2007 | Three |
| 18 U.S.C. §1028A(a)(1) | Aggravated Identity Theft | February 20, 2007 | Four |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

__ The defendant has been found not guilty on count(s)
__ Count(s) (is)(are) dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.
If ordered to pay restitution, the defendant must notify the court and United States Attorney of any material change in economic circumstances.

Date of Imposition of Sentence: January 15, 2008

JAMES D. WHITTEMORE
UNITED STATES DISTRICT JUDGE

DATE: January 17th, 2008

AO 245B (Rev 06/05) Sheet 2 - Imprisonment (Judgment in a Criminal Case)

Defendant: ISAAC KELVIN ALLEN  Judgment - Page 2 of 6
Case No.: 8:07-CR-212-T-27MSS

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a **TOTAL TERM of ONE HUNDRED NINETY-EIGHT (198) MONTHS, which consists of ONE HUNDRED FIFTY (150) MONTHS as to Counts One and Two, CONCURRENT; TWENTY-FOUR (24) MONTHS as to Count Three, CONSECUTIVE to Counts One and Two; TWENTY-FOUR (24) MONTHS as to Count Four, CONSECUTIVE to Count Three.**

Defendant shall be given credit toward the service of a term of imprisonment for any time he/she has spent in official detention prior to the date the sentence commences -- (1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the Defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence. 18 U.S.C. § 3585(b).

__X__ The Court makes the following recommendations to the Bureau of Prisons: The Court recommends confinement at Coleman FCI.

__X__ The defendant is remanded to the custody of the United States Marshal.
___ The defendant shall surrender to the United States Marshal for this district.

    ___ at ___ a.m./p.m. on ___.
    ___ as notified by the United States Marshal.

___ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons.

    ___ before 2 p.m. on ___.
    ___ as notified by the United States Marshal.
    ___ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

___ at _____, with a certified copy of this judgment.

_____
United States Marshal

By:_____
Deputy United States Marshal

AO 245B (Rev. 06/05) Sheet 3 - Supervised Release (Judgment in a Criminal Case)

| | | |
|---|---|---|
| Defendant: | ISAAC KELVIN ALLEN | Judgment - Page 3 of 6 |
| Case No.: | 8:07-CR-212-T-27MSS | |

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **FIVE (5) YEARS as to Counts One and Two, CONCURRENT; THREE (3) YEARS as to Counts Three and Four; CONCURRENT, and CONCURRENT with Counts One and Two.**

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.
The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

   \_\_\_   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. However, the Court orders the defendant to submit to random drug testing not to exceed 104 tests per year. (Check, if applicable).

   \_\_\_   The defendant shall not possess a firearm, destructive device, or any other dangerous weapon. (Check, if applicable.)

   X   The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

   \_\_\_   The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works or is a student, as directed by the probation officer. (Check, if applicable.)

   \_\_\_   The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 06/05) Sheet 3C - Supervised Release (Judgment in a Criminal Case)

| | |
|---|---|
| Defendant: ISAAC KELVIN ALLEN | Judgment - Page 4 of 6 |
| Case No.: 8:07-CR-212-T-27MSS | |

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall also comply with the following additional conditions of supervised release:

X   The defendant shall participate, as directed by the Probation Officer, in a program (outpatient and/or inpatient) for treatment of narcotic addiction or drug or alcohol dependency. This program may include testing for the detection of substance use or abuse. Further, the defendant shall be required to contribute to the costs of services for such treatment not to exceed an amount determined reasonable by the Probation Officer's Sliding Scale for Substance Abuse Treatment Services.

X   The defendant shall participate as directed in a program of mental health treatment approved by the Probation Officer. Further, the defendant shall be required to contribute to the costs of services for such treatment not to exceed an amount determined reasonable to by Probation Officer based on ability to pay or availability of third party payment and in conformance with the Probation Office's Sliding Scale for Mental Health Treatment Services.

X   The defendant shall provide the probation officer access to any requested financial information.

X   The defendant shall be prohibited from or attempting to incur new credit charges, opening additional lines of credit, acquisitions or obligating himself/herself for any major purchases without the express prior approval of the probation officer.

X   The defendant shall have no contact with any corporate or individual victims, or with Tara L. Pasco, without the prior express approval from Probation and this Court.

AO 245B (Rev 06/05) Sheet 5 - Criminal Monetary Penalties (Judgment in a Criminal Case)

| | | |
|---|---|---|
| Defendant: | ISAAC KELVIN ALLEN | Judgment - Page 5 of 6 |
| Case No.: | 8:07-CR-212-T-27MSS | |

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **Fine** | **Total Restitution** |
|---|---|---|---|
| **Totals:** | $400.00 | $Waived | $127,943.51 |

___ The determination of restitution is deferred until ____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

_X_ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| Fifth Third Bank | | $69,510.07 | |
| Branch Banking & Trust | | $19,628.64 | |
| Bank of America | | $38,804.80 | |
| Totals: | $ ___ | $127,943.51 | |

___ Restitution amount ordered pursuant to plea agreement  $ _____.

___ The defendant must pay interest on a fine or restitution of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

___ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  ___ the interest requirement is waived for the ___ fine ___ restitution.

  ___ the interest requirement for the ___ fine ___ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for the offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev 06/05) Sheet 6 – Schedule of Payments (Judgment in a Criminal Case)

| | | |
|---|---|---|
| Defendant: | ISAAC KELVIN ALLEN | Judgment - Page 6 of 6 |
| Case No.: | 8:07-CR-212-T-27MSS | |

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A. ___ Lump sum payment of $ _ due immediately, balance due

  ___ not later than _____, or

  ___ in accordance ___ C, ___ D, ___ E or ___ F below; or

B. _X_ Payment to begin immediately (may be combined with ___ C, ___ D, or _X_ F below); or

C. ___ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ days (e.g., 30 or 60 days) after the date of this judgment; or

D. ___ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____, (e.g., months or years) to commence _____ (e.g. 30 or 60 days) after release from imprisonment to a term of supervision; or

E. ___ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time, or

F. _X_ Special instructions regarding the payment of criminal monetary penalties:

  While in Bureau of Prisons custody, the defendant shall either (1) pay at least $25 quarterly if the defendant has a non-Unicor job, or (2) pay at least 50% of his monthly earnings if the defendant has a Unicor job. Upon release from custody, the defendant shall pay restitution at the rate of $250.00 per month.
  At any time during the course of post-release supervision, the victim, the government, or the defendant, may notify the Court of a material change in the defendant's ability to pay. The Court reserves jurisdiction to adjust the payment schedule accordingly.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

_X_ Joint and Several

  Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate:

TARA L. PASCO, Case No. 8:07-CR-270-T-27TGW - $127,943.51

  _ The defendant shall pay the cost of prosecution.

  _ The defendant shall pay the following court cost(s):

  _X_ The defendant shall forfeit the defendant's interest in the following property to the United States:

$30,000 Money Judgment [SEE ATTACHED FORFEITURE MONEY JUDGMENT]

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

 Plaintiff,

v.             Case No. 8:07-cr-212-T-27MSS

ISAAC KELVIN ALLEN,

 Defendant.

### FORFEITURE MONEY JUDGMENT

THIS CAUSE comes before the Court on Motion of the United States of America for Entry of a Forfeiture Money Judgment as to defendant Isaac Kelvin Allen in the amount of $30,000.00 USD, pursuant to the provisions of 18 U.S.C. § 982(a)(2)(A), 21 U.S.C. § 853(p) [incorporated under 28 U.S.C. § 2461(c)], and Fed. R. Crim. P. 32.2(b)(2). The court, being fully advised in the premises, holds that the amount of proceeds obtained by the defendant as a result of his making false statements to a financial institution, in violation of 18 U.S.C. § 1014, to which he pled guilty as charged in Counts Two and Three of the Indictment, was $30,000.00 USD. At sentencing the Forfeiture Money Judgment becomes final as to the defendant and must be included in the Judgment. Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED,** that the United States' motion is GRANTED. It is FURTHER **ORDERED** that defendant Isaac Kevin Allen is personally liable to the United States of America for a forfeiture money judgment in the amount of $30,000.00 USD.

The court retains jurisdiction to enter any orders necessary for the forfeiture and disposition of any assets, belonging to the defendant, that the government may seek in satisfaction of said forfeiture money judgment, and to entertain any third party petitions that may arise in the ancillary proceedings.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 6th day of December, 2007.

HON. JAMES D. WHITTEMORE
UNITED STATES DISTRICT JUDGE