UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                          CASE NO: 8:07-CR-212-T-27TBM

ISAAC KELVIN ALLEN

_____/

## ORDER

**BEFORE THE COURT** are Defendant's Motion for Leave to Proceed on Appeal In Formas [sic] Pauperis (Dkt. 79) and Request to be Absolved of Appeal Waiver (Dkt. 80), and the Government's response in opposition (Dkt. 86).

### I. Request to appeal *in forma pauperis*

On November 28, 2014, Defendant filed a Notice of Appeal (Dkt. 77) of the Court's Order denying, in part, his Motion for Correction of Clerical Errors (see Dkt. 70), the Amended Forfeiture Money Judgment (see Dkt. 71), and the Court's Order denying his Request for Leave to File Response and Request for Copy of Response (see Dkt. 74). Defendant now requests leave to proceed on appeal *in forma pauperis*.

Statutory provision for litigation *in forma pauperis* in the federal courts is made by 28 U.S.C. § 1915, authorizing any court of the United States to allow indigent persons to prosecute, defend or appeal suits without prepayment of costs. *See Coppedge v. United States*, 369 U.S. 438, 441 (1962). The following statutory language guides district courts in passing upon an application for *in forma pauperis* status: "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). "'Good faith' has been defined as a requirement that an appeal present a nonfrivolous question for review." *Cruz v. Hauck*, 404 U.S. 59,

62 (1971). "An issue is frivolous when it appears that 'the legal theories are indisputably meritless.'" *Ghee v. Retailers Nat'l Bank*, 271 Fed. Appx. 858, 860 (11th Cir. 2008) (citing *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993)). "In other words, an IFP action is frivolous, and thus not brought in good faith, if it is 'without arguable merit either in law or fact.'" *Ghee*, 271 Fed. Appx. at 859 (citing *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001)).

This appeal is not taken in good faith under 28 U.S.C. 1915(a)(3) and Rule 24(a) of the Federal Rules of Appellate Procedure because Defendant has not demonstrated "the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997) (quoting *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991)). Accordingly, Defendant is not entitled to appeal as a pauper, and he will be required to pay the $505.00 appellate filing fees.

## II. Request to be absolved of appeal waiver

Defendant requests that "he be absolved of his commitment to the 'Appeal Waiver' listed in his plea agreement" because he "seeks to appeal errors in the 'Amended Forfieture [sic] Money Judgment'" (Dkt. 80 at 1). To the extent Defendant requests that the appeal waiver not be enforced in his appeal of the Amended Forfeiture Money Judgment because a miscarriage of justice will result, his request will be denied without prejudice to his refiling it with the court of appeals.[1]

To the extent Defendant is challenging the validity of the plea agreement itself, the challenge is a collateral attack on his convictions and sentence. Therefore, the proper avenue for relief is under 28 U.S.C. § 2255. *See Sawyer v. Holder*, 326 F.3d 1363, 1365 n.3 (11th Cir. 2003); *see also United States v. Brown*, 117 F.3d 471, 475 (11th Cir. 1997) (because defendant was in custody, "§2255 was

---

[1]Defendant's appeal is currently pending before the Eleventh Circuit Court of Appeals, Case No. 14-15344-D.

his exclusive remedy"); *United States v. Al-Arian*, 514 F.3d 1184, 1191 (11th Cir.), *cert. denied*, 555 U.S. 887 (2008) (proper way to enforce a plea agreement is by motion under 28 U.S.C. § 2255); *United States v. Fernandez-Arellano*, 522 Fed. Appx. 740, 742 (11th Cir. 2013) (unpublished) (Defendant's "challenge and claims regarding the validity of his plea. . .must. . .be raised in a § 2255 motion. . . .").[2]

Accordingly, it is **ORDERED** that:

1. Defendant's Motion for Leave to Proceed on Appeal In Formas [sic] Pauperis (Dkt. 79) is **DENIED**.

2. Defendant's Request to be Absolved of Appeal Waiver (Dkt. 80) is **DENIED** without prejudice as set forth above.

**DONE and ORDERED** in Tampa, Florida on ___JANUARY 20th___, 2015.

JAMES D. WHITTEMORE
United States District Judge

SA:sfc
Copy to: Defendant
　　　　　Counsel of Record

---

[2]The Court cannot construe Defendant's motion as a § 2255 motion because he has previously filed such a motion (see *Allen v. United States*, Case No. 8:09-cv-136-T-27EAJ (M.D.Fla.)), and he lacks permission to file a second or successive one. 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").