UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                                                    Case No: 8:07-cr-00212-JDW-JSS

ISAAC KELVIN ALLEN,

      Defendant.

_____/

## <u>ORDER</u>

THIS MATTER is before the court on Defendant's Request for Leave to Appeal In Forma Pauperis (Dkt. 141) and Defendant's Request to Proceed Pro Se on Appeal (Dkt. 142).   Upon consideration, Defendant's Request for Leave to Appeal in Forma Pauperis (Dkt. 141) is denied without prejudice and his Request to Proceed Pro Se on Appeal (Dkt. 142) is granted.

Defendant has satisfied the court that he is indigent.  However, pursuant to 28 U.S.C. § 1915, when an application to proceed in forma pauperis is filed, the court is obligated to review the case and to dismiss it if the court determines the action is frivolous or malicious; if it fails to state a claim upon which relief may be granted; and/or if the complaint seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  Additionally, section 1915(a)(3) provides that "[a]n appeal may not be taken in forma pauperis if the trial court

certifies in writing that it is not taken in good faith."  In the context of section 1915, "good faith" is judged by an objective standard and is shown when a plaintiff "seeks appellate review of any issue not frivolous."  *Coppedge v. United States*, 369 U.S. 438, 445 (1962).  Thus, an appeal is taken in good faith if it presents a legal issue that is arguable on its merits.  *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (citing *Anders v. California*, 386 U.S. 738 (1967)).  If a district court denies a motion to appeal in forma pauperis, it must state its reasons in writing.  Fed. R. App. P. 24(a)(2). Here, Defendant has failed to provide information concerning the bases for his appeal.  In his Motion, Defendant explains only that he is indigent. (Dkt. 141.)  This explanation is insufficient for the court to determine whether Defendant's appeal is frivolous or malicious.  Accordingly, Defendant's Request for Leave to Appeal In Forma Pauperis (Dkt. 141) is denied without prejudice.

Additionally, Defendant seeks leave to proceed pro se on appeal.  In his Motion, Defendant explains that he seeks leave to proceed pro se on appeal, "he has appealed and briefed multiple issues in this case pro se, and is still very capable of doing so in his Revocation of Supervised Release judgment." (Dkt. 142.)  Defendant previously represented himself on appeal challenging final judgments on revocation of supervised release in this matter and has satisfied the court that he is competent to do so as well as the average pro se litigant.  Additionally, the Eleventh Circuit has explained that the procedure outlined in *Faretta v. California*, 422 U.S. 806 (1975) is not required in supervised release revocation proceedings.  *See United States v.*

*Crenshaw*, 140 F. App'x 836, 842 (11th Cir. 2005).  Therefore, Defendant's Request to Proceed Pro Se on Appeal (Dkt. 142) is granted.

Accordingly, Defendant's Request for Leave to Appeal In Forma Pauperis (Dkt. 141) is **DENED** without prejudice.  Defendant shall pay the filing fee to proceed with his appeal.  Alternatively, Defendant may file a new motion seeking leave to proceed in forma pauperis with a full explanation of the bases for his appeal. Defendant's Request to Proceed Pro Se on Appeal (Dkt. 142) is **GRANTED**.

**ORDERED** in Tampa, Florida, on December 29, 2022.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record
Any Unrepresented Party